**In the United States District Court
for the District of Kansas**

---

**United States of America**,
        **Plaintiff-Respondent,**

v.

                                                         **Case No. 13-20125-06-JAR**

**Fidel Carlos Zavala,**
        **Defendant-Petitioner.**

---

## NOTICE AND ORDER TO SHOW CAUSE

28 U.S.C. § 2255 entitles a federal prisoner to relief if the court determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[1]  The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2]  A § 2255 petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[3]  An evidentiary hearing is not necessary where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusion rather than statements of fact.[4]

---

[1] 28 U.S.C. § 2255(b).

[2] *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)); Rule 4(b) of the Rules Governing Section 2255 Proceedings.

[3] *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).

[4] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995) ("[T]he allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1143, 1147 (10th Cir. 1994) (rejecting

On August 13, 2019, this Court issued its ruling in *United States v. Carter* ("*Black* Order") that precipitates the § 2255 motion before the Court.[5]  On September 17, 2019, petitioner Fidel Carlos Zavala filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 566), speculating that the government violated his Sixth Amendment right to effective counsel when it allegedly accessed soundless video recordings of his meeting(s) with counsel while he was incarcerated at CCA.  Petitioner seeks relief based on events that came to light in the *Black* case and investigation, including the existence of soundless video recordings of meetings between attorneys and their clients who were detained at CCA.  The government admits that it obtained videos from CCA in connection with the *Black* case, which focused on drug and contraband trafficking inside CCA.

On April 12, 2016, the government served a subpoena on CCA seeking "[a]ll video footage or still images currently retained by [CCA] depicting any internal or external surveillance video or still image taken between July 2014 and April 12, 2016 at the CCA facility in Leavenworth, Kansas."[6]  On May 17, 2016, CCA provided six DVR hard drives to the government containing surveillance footage from inside and outside of the facility, including in rooms used for inmate-attorney meetings.[7]  The government came into possession of these videos on June 1, 2016, and on August 16, 2016, this Court ordered the video recordings in the government's custody to be impounded.[8]

---

ineffective assistance of counsel claims that are merely conclusory in nature and without supporting factual averments).

[5] Case No. 16-20032-JAR, Doc. 758 (D. Kan. Aug. 13. 2019).  As discussed in that Order, the Sixth Amendment claims stem from recordings of conversations and meetings with counsel while they were detained at Corrections Corporation of America ("CCA").  That facility has since been renamed CoreCivic.  For convenience, the Court refers to it as CCA in this Order.

[6] *Id.* at 66.

[7] *Id.* at 66–67.

[8] *Id.* at 10, 66.

In the *Black* Order, the Court determined that the following threshold showings must be made for a defendant raising such claims in a § 2255 motion after review and verification by the FPD: (1) the video of the attorney-client meeting exists; (2) the quality of the non-verbal communication in the video is sufficient to confirm communication between the detainee and counsel; and (3) an affidavit from defense counsel confirming that the nature of the meeting related to legal advice or strategy, including but not limited to defense preparation, plea negotiations, or review of discovery.[9]  It was the Court's intent that this threshold showing would assist in eliminating claims where it was clear that no protected communication existed, for example, where there was no recording at all, the recording was not viewable, or the purpose of the meeting or conversation was not to seek legal advice or strategy.

On July 17, 2018, Standing Order 18-3 appointed the Federal Public Defender ("FPD") to represent any defendant from the District of Kansas who may have a post-conviction Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls by any holding facility housing federal detainees within this District.

The video recordings from CCA that were impounded by the Court in the fall of 2016, were turned over to the FPD after the *Black* Order was entered on August 13, 2019.  The FPD, along with defense counsel, proceeded to exhaustively review hundreds of hours of  video recordings, ultimately filing over 80 habeas motions alleging Sixth Amendment violations with respect to the government's alleged intentional-intrusion into these attorney-client meetings.  The FPD did not enter an appearance on behalf of Petitioner or supplement his *pro se* motion, nor is there any evidence in the record that a video recording of any meeting with counsel exists or

---

[9] *Id.* at 166. The Court subsequently reaffirmed those findings and legal standards in the consolidated action, *In re: CCA Recordings 2255 Litig.*, D. Kan. No. 19-2491-JAR-JPO, Docs. 225, 588.

meets the threshold criteria for a protected communication established by the Court in the *Black* Order.

Accordingly, the Court orders Petitioner Fidel C. Zavala to show cause in writing why his motion for relief pursuant to 28 U.S.C. § 2255 should not be dismissed for lack of a sufficient factual basis or evidence on which to proceed with his claim.  Petitioner shall file a response to this Order on or before **March 2, 2021**.  If no response is filed, the Court shall summarily dismiss this motion as lacking any factual basis that would warrant relief from his conviction or sentence.

**IT IS SO ORDERED.**

Dated: January 19, 2021

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE